IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK DOMBOS,

       **Plaintiff,**

vs.                                               No. CV 16-178 RJ/GJF

ROBERT STEWART,

       **Defendant.**

## ORDER REMANDING CASE TO STATE COURT

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1447(c) on Plaintiff Frank Dombos' Notice of Removal to the United States District Court (Doc. 1). Plaintiff Dombos has improperly removed his own state court action and the Court will remand the case to State court. Also pending before the Court is Plaintiff's Prisoner's Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3), which the Court will deny as moot in light of this Order of remand.

Plaintiff originally filed his civil rights complaint in 2012 in the State of New Mexico, County of Cibola, Thirteenth Judicial District Court. The case is docketed as Thirteenth Judicial District Cause No. D-1333-CV-2012-00124. The case is currently pending in the Thirteenth Judicial District Court following partial reversal of summary judgment by the New Mexico Court of Appeals. (Doc. 1, 2).

Plaintiff purports to remove this case on the basis of alleged federal questions presented in his own state court complaint. (Doc. 1 at 1). Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941). It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of their constitutional role as limited tribunals. *Pritchett v. Office*

1

*Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Mach v. Triple D Supply, LLC*, 773 F.Supp. 2d 1018, 1023 (D.N.M. 2011).). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Section 1446 of Title 28 of the United States Code governs the procedure for removal. Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed. The failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective and justify a remand. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir.1999).

The fact that Plaintiff's own complaint raises a federal question under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 is not a basis that allows plaintiff to invoke 28 U.S.C. § 1441. Contrary to plaintiff's argument in his notice of removal, the rule is clear that only state court *defendants*, and not plaintiffs, may remove an action to federal court. *Shamrock Oil*, 313 U.S. at 103-04. Civil actions brought in state court over which a federal district court has original jurisdiction "may be removed by *the defendant or the defendants.*" 28 U.S.C. § 1441(a) (emphasis added). See, also, 28 U.S.C. § 1446(a) (describing procedure by which "*[a] defendant or defendants*" may remove a state court action) (emphasis added); *Chicago, R.I. & P.R. Co. v. Strude*, 346 U.S. 294 (1954); *Colorado v. Lopez*, 919 F.2d 131 (10th Cir. 1990).

Removal jurisdiction is defective because Plaintiff is not a proper party to remove the case. Regardless of whether Plaintiff's claims actually raise questions of federal law, Plaintiff is bound by his own, original choice of forum. *Untracht v. Fikri*, 454 F.Supp.2d 289, 328

2

(W.D.Pa.2006). Therefore, the Court will remand this case to the state court.

IT IS ORDERED:

(1) Plaintiff's Prisoner's Motion and Affidavit For Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3) is DENIED as moot; and

(2) this case is REMANDED to the State of New Mexico, County of Cibola, Thirteenth Judicial District Court.

3-15-16

_____
UNITED STATES DISTRICT JUDGE